UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6237-CR-DIMITROULEAS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| ALLESSANDRO DASILVA, | ) |
| | ) |
| Defendant. | ) |

### GOVERNMENT'S RESPONSE TO STANDING DISCOVERY ORDER

The United States of America hereby files this response to the Standing Discovery Order issued in this case. This response is numbered to correspond to that Order.

A.  1.  There is a recorded statement made by the defendant. See attached transcripts.

2.  There is an oral statement made by the defendant before or after arrest, in response to interrogation by a person then known to the defendant to be a government agent, which the government will offer in evidence at trial, other than a personal history taken at the time of arrest. See 1A.

3.  The defendant did not testify before the Grand Jury.

4.  The criminal record of the defendant is attached.

5.  Books, papers, documents, etc., which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant, may be inspected by making an appointment with undersigned counsel. Such items include, but are not limited to, the following, copies of which are attached: Determination of Inadmissibility dated 6/29/98; Consular Notification dated 6/29/98; Verification of Removal dated 6/29/98; fingerprint standards obtained on 6/29/98; 2 reports written by INS Inspector Clint Lamm; 2 page INS laboratory report dated 8/15/00 regarding analysis of defendant's passport; Certificate of Non-Existence; entire A-file of Jose Rocha De Oliveira, a/k/a Allessandro Carvalho Silva (17 pages); 1 page FDL report; FBI booking card; transcript of 3 page recorded



        sworn statement of the defendant; 5 page record of sworn statement under section 235(b)(1) of the Act; 4 xerox pages of passport used by the defendant to attempt to enter US on August 8, 2000; 7 pages of computer print-out from INS central index pertaining to defendant; photocopy of defendant's airline tickets and Discovery Cruise Line ticket; Fingerprint standards taken on March 5, 2000 and on December 17, 1995.

    6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made to pursuant to Rule 16(b) of the **Federal Rules of Criminal Procedure**.

C. The government is unaware of any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady.

D. The government is unaware of any payments, promises of immunity, leniency, or preferential treatment, made to prospective government witnesses within the scope of Giglio or Napue.

E. The government is unaware of any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. The defendant was not identified in a lineup, show-up, photospread, or similar identification proceeding.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will advise the defendant prior to trial of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise.

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury Testimony of all witnesses who will testify for the government at the trial of this cause.

K. Controlled substances were not involved in this investigation.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that remains in police custody.

M. The government is aware of latent fingerprints or palm prints which have been identified by a government expert as those of the defendant. See attached report of FBI AFIS match and 8/15/00 one page latent examiner's report.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the **Federal Rules of Criminal Procedure**, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule (16)b of the **Federal Rules of Criminal Procedure**, in accordance with Rule 12.1 of the **Federal Rules of Criminal Procedure**, the government hereby demands Notice of Alibi defense; the approximate
time, date, and place of the of the offense were:

1. Date: On or about March 5, 2000
   Place: Fort Lauderdale\Hollywood International Airport,
   Broward County, Florida

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY
Court Number A5500077
500 East Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33301
Tel. (954) 356-7255
Fax. (954) 356-7228

3

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 7th day of September 2000 to Timothy Day, Assistant Federal Public Defender, 101 NE Third Avenue, Suite 202, Fort Lauderdale, Florida 33301-1100.

DONALD F. CHASE, II
ASSISTANT UNITED STATES ATTORNEY

4